**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHELE D. MOTEN,
Plaintiff-Appellant,

v.

MERCEDES-BENZ OF NORTH AMERICA,
INCORPORATED,                                              No. 97-2643
Defendant-Appellee,

and

TYSINGER MOTOR COMPANY,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-96-2064-DKC)

Submitted: August 18, 1998

Decided: September 21, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dwight D. Murray, Suzanne M. Lewis, JORDAN, COYNE &
SAVITS, Washington, D.C.; Mabel D. Haden, LAW OFFICE OF

MABEL D. HADEN, ESQ., P.C., Washington, D.C., for Appellant.
Paul Walter, TYDINGS & ROSENBERG, L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michele Moten appeals from the district court's order denying her
motion for reconsideration of the court's order denying her Fed. R.
Civ. P. 60(b) motion. Finding no error, we affirm.

Moten was injured in an automobile accident. She filed a complaint
against Defendants alleging negligence, breach of warranty, and strict
liability because her air bag failed to deploy. Mercedes-Benz filed a
motion for summary judgment alleging that Moten failed to respond
to discovery requests, letters, and telephone calls. The district court
granted Mercedes-Benz's motion in part and ordered Moten to show
cause why her complaint should not be dismissed. The district court
dismissed the complaint without prejudice on February 6, 1997, when
Moten failed to reply to the court's show cause order. On August 21,
1997, Moten filed a "Motion for Vacation of Dismissal and to Reinstate the Action" pursuant to Rule 60(b), alleging that counsel's failure to respond to Mercedes-Benz's requests and the court's order was
the result of a serious illness.* The district court denied the motion
on September 22, 1997, finding that Moten failed to show that counsel's and her secretary's illnesses were acute or disabling prior to the
February dismissal. Moten filed a motion for reconsideration pursuant
to Rule 60(b) on October 14, 1997, which the district court denied,
and Moten timely appealed that order.

_____

*Counsel was diagnosed with cancer in May 1997. Moten also alleged
that counsel's secretary and primary assistant also suffered from a terminal illness during the spring and summer of 1997.

2

As a threshold matter, we find that the district court's order denying Moten's motion for reconsideration is the only order properly before the court. Parties in a civil case have thirty days from the date of the final order in which to file a notice of appeal. See Fed. R. App. P. 4(a). As a result, the district court's February order dismissing Moten's complaint is not subject to appeal. Likewise, the district court's September order denying Moten's Rule 60(b) motion is not before the court, because Moten's notice of appeal was filed more than thirty days after this order. Moten's motion for reconsideration did not toll the limitations period because it was filed more than ten days after the order was entered. See Fed. R. App. P. 4(a)(4)(F).

After a thorough review of the record, we agree with the district court's conclusion that Moten's motion for reconsideration simply repeated the same arguments made in her original Rule 60(b) motion. She therefore failed to make the necessary showing needed to justify reconsideration. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED